STATE, RESPONDENT, *v.* GRIFFITH, APPELLANT.

(No. 4,340.)

(Submitted September 9, 1919. Decided September 22, 1919.)

[184 Pac. 219.]

*Sedition—Information—Insufficiency.*

1. *Held,* that the information alleging that defendant, in vile and vulgar language, voiced his opinion in a saloon, that the Industrial Workers of the World, of which organization he was an officer, would win the case of *United States* v. *Haywood et al.,* then on trial in Illinois, was insufficient to charge sedition as defined by Chapter 11, Laws Extraordinary Session of 1918.

[As to denial of knowledge or information, see note in 133 Am. St. Rep. 106.]

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

J. A. GRIFFITH was convicted of sedition, and from the judgment and an order denying him new trial he appeals. Reversed, with directions to dismiss the information and discharge defendant.

Cause submitted on briefs of counsel.

*Mr. George F. Vandoveer, Messrs. Nolan & Donovan,* and *Mr. C. E. Collier,* the latter of the Bar of the State of Washington, for Appellant.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for the State.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of the crime of sedition, and appealed from the judgment, and from an order denying him a new trial.

The evidence introduced on behalf of the state is to this [1] effect: On July 8, 1918, the accused entered a saloon in Billings and engaged the proprietor, L. W. Lamb, in conversation, during the course of which accused stated that he was a member and officer of the Industrial Workers of the World, and, referring to the case of *United States* v. *Haywood et al.,* then on trial in Chicago, asked Lamb what he thought of it and its probable outcome. Lamb replied, "I don't know," and the accused then made the statement which forms the basis of the charge against him, and repeated it immediately thereafter to J. W. Sullivan. The language imputed to him is too vile and vulgar to be repeated here. Under no possible construction could it be given literal application. It was a figurative expression understood by Lamb and Sullivan to be such, and to convey the meaning: "We [the Industrial Workers of the World] are going to win the case." This interpretation is the only one which could be placed upon the language, when it is considered with the context.

It is conceded by the attorney general that, if the accused had expressed his opinion in chaste English, or, in other words, had said merely, "We are going to win the case," no possible exception could have been taken to his statement, and no criminal action could have been predicated upon it. Does the fact that he said in effect, "We are going to win the case," but clothed his declaration in coarse, vulgar language, subject the accused to the penalty provided by Chapter 11, Laws Extraordinary Session of 1918, the statute defining sedition?

The Sedition Act is an emergency war measure, designed to secure to the general government the utmost assistance possible in its prosecution of the world war, by restraining acts or speech reasonably calculated to incite or inflame resistance to the duly constituted authorities exercised to mobilize the resources of the country and exert them in the most effective manner. Every act denounced by the statute has such a direct and immediate relationship to the prosecution of the war that in the very nature of things it is reasonably calculated to

hamper the efforts of the government, impede its progress, or defeat its purpose. It was never the intention of the law-makers to establish rigorous censorship over the common conversation of individuals, or to require the citizen to refine his speech to conform to the standard of *belles-lettres*.

Neither courts nor court officers are above criticism, but the language imputed to the accused does not rise even to the dignity of criticism. It is nothing more than the expression of an opinion as to the probable outcome of a trial conducted 1,500 miles away. It does not attack our form of government, nor any governmental agency. It could not under any possible construction tend to bring the form of government, the Constitution, the soldiers, sailors, flag or uniform, into contempt, or to incite or inflame resistance to duly constituted authority. The law looks beyond the mere form of expression to the substance, and will hold the accused guilty or innocent, according to the meaning which his language was obviously intended to convey.

The use of the language imputed to the accused does not constitute the crime of sedition, and for this reason the judgment and order are reversed, with directions to the lower court to dismiss the information and discharge the defendant.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, PATTEN and COOPER concur.