STATE, Respondent, *v.* McGLYNN, Appellant.

(No. 4,472.)

(Submitted June 1, 1921. Decided June 27, 1921.)

[199 Pac. 708.]

*Criminal Law—Sedition—Information—Conclusions — Insufficiency.*

Sedition — Information — Conclusions — Inferences — Innuendoes — Insufficiency.
  1. Since ultimate facts constituting the crime charged, and not conclusions drawn by the pleader from the facts, must be stated in an information, clauses following each of several alleged seditious utterances explaining and interpreting what defendant meant by the language used, *held* improper in an information charging sedition under Chapter 11, Extra. Session 1918.

Same—Information—Insufficiency.
  2. An information charging defendant with saying that the injuries to Belgian children exhibited in the United States were sustained in

[60 Mont. 416.]

factories, and were not the result of German atrocities; that the murder of the Armenians was nothing; that the Armenians were heathens; that it was a mean trick for Germans to mutilate and mangle American prisoners of war, *held* not to charge sedition as defined in Chapter 11, Laws Extra. Session 1918.

Same—Information—Certainty.

3. In view of the provision of section 9149, Revised Codes, requiring that the information must be direct and certain, *inter alia,* as to the particular circumstances of the offense charged when they are necessary to constitute a complete offense, an information charging one with seditious utterances should set forth the fact whether the words were uttered in private conversation with a single person or from a public platform, or were disseminated through the medium of printed articles.

*Appeal from District Court, Carter County; George P. Jones, Judge.*

J. A. McGLYNN was convicted of sedition, and appeals. Reversed and remanded.

*Mr. Harlow Pease,* for Appellant, submitted a brief and argued the cause orally.

No appearance in behalf of Respondent.

MR. COMMISSIONER JACKSON prepared the opinion for the court.

J. A. McGlynn, convicted of sedition, appeals from the judgment. No brief or argument was tendered by the attorney general.

Since a reversal must be had on the insufficiency of the information, it is not necessary to consider any other phase of the case.

Omitting its formal parts, the information charged the defendant as follows:

[1, 2]

"That at the county of Carter, in the state of Montana, on or about the twenty-ninth day of March, A. D. 1918, and before the filing of this information, the said defendant, J. A. McGlynn, then and there being, did then and there willfully, wrongfully, unlawfully, seditiously, and feloniously, and while the United States of America was engaged in a war with the

German Empire, utter and publish false, disloyal, contemptuous, slurring, and abusive language calculated to bring the form of government of the United States of America and the soldiers and sailors of the United States of America and the Constitution of the United States of America and the flag of the United States of America into contempt, contumely, scorn, and disrepute, and with the intent to interfere with the operation and success of the military and naval forces of the United States of America, and to promote the success of its enemy; that the language uttered and published as aforesaid by the said defendant, J. A. McGlynn, was in substance as follows:

" 'I suppose you heard about those Belgian kids that were sent to this country. The Germans never done that [meaning that the injuries and mutilations received by the Belgian children were not caused by the German soldiers]; that it was done [meaning the injuries, mutilations, and maiming caused to the Belgian children] in the factories [meaning the industrial plants], and sent throughout the country [meaning the Belgian children had been sent around different places and exhibited] to create feeling against the German nation [meaning that the Belgian children had been shown to the people of the United States, and that the story of the manner in which their injuries and mutilations were received was false, and that the people were being deceived with false statements for the purpose of inciting among the people of the United States a false impression, with the intent to injure the German nation]; that it was done in Chicago [meaning that the injuries received by the Belgian children were received and caused to said Belgian children in factories in the city of Chicago by American citizens, for the purpose of creating false and untrue sentiment and feeling among the people of the United States of America].

" 'That was nothing ' [meaning the massacre of Armenians by the Germans and Austrians]; they were but heathens [meaning the Armenians, and that the massacre of Armenians was proper and justifiable].

" 'That it was a mean trick [meaning that if the Germans did mangle, cut off limbs, and gouge out the eyes of captured American soldiers, that such treatment was good enough for the American soldiers who were fighting Germany].'

"With the felonious and seditions intent in him the said defendant, J. A. McGlynn, then and there to interfere with the operation and success of the military and naval forces of the United States, and to promote the success of Germany, an enemy of the United States of America, and to bring the form of government of the United States of America, the Constitution of the United States of America, the flag of the United States of America, and the soldiers and sailors of the United States of America to contempt, contumely, scorn, and disrepute."

The portions of the charge inclosed with brackets have no proper place in the information. They are inferences or conclusions drawn by the pleader, or, in the words of the defendant, "innuendoes." It is elementary, and needs no citation of authorities, that the ultimate facts constituting the crime, and not conclusions, must be stated in an information. The words themselves, without resort to interpretation or innuendo, must come within the statute as being not only false, disloyal, contemptuous, slurring and abusive, but must likewise be calculated to bring the form of the government of the United States of America, the soldiers and sailors of the United States of America, the Constitution of the United States of America, or the flag of the United States of America, into contempt, contumely, scorn and disrepute, or be uttered or published with the intent to interfere with the operation and success of the military and naval forces of the United States of America, or to promote the success of its enemy or enemies.

The charge relating to defendant's talk concerning the Armenians cannot, by the widest stretch of imagination, have any bearing whatsoever on the United States of America, with reference to the war, nor can it reflect on the loyalty of the defendant. The alleged statement "that it was a mean trick"

is, by the bracketed portion following it, turned from its very evident meaning to express sentiment utterly inconsistent with it. None of the language alleged to have been uttered is in disparagement of the government or soldiers or sailors of the United States. It cannot by any possible construction be considered as calculated to bring the form of government, sailors, soldiers, flag or uniform of the United States into contempt, scorn, contumely or disrepute, nor can an intent to interfere with the success of the military or naval forces of the United States, or to promote the success of its enemy by willfully conveying false reports or statements, be predicated from the charge. A full analysis of the sedition law will be found in *State* v. *Smith,* 57 Mont. 563, 190 Pac. 107, which is conclusive in the determination of this case.

Section 9149, Revised Codes, declares that the information must be direct **[3]** and certain as to the party charged, the offense charged, and the particular circumstances of the offense charged when they are necessary to constitute a complete offense. In the instant case, if the utterances could by any possible reasoning be construed as a violation of the Sedition Act (Laws Ex. Sess. 1918, Chap. 11), which in our opinion cannot be done, the particular circumstances attendant upon the crime itself should have been set forth, as it is obvious, if uttered in private conversation to a single person, it would have a radically different complexion than if spoken from a public platform, or disseminated through the medium of written articles. (*Fontana* v. *United States* (C. C. A.), 262 Fed. 283; *State* v. *Griffith,* 56 Mont. 241, 184 Pac. 219.)

For the reasons herein stated, we recommend that the judgment be reversed and the cause remanded to the district court, with directions to dismiss the information.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the judgment be reversed and the cause remanded to the district court, with directions to dismiss the information.

                                        *Reversed and remanded.*